## DEWLING v. UNITED STATES.
### No. 48564.

United States Court of Claims.

Jan. 8, 1952.

Maurice H. Thatcher, Washington, D. C., for plaintiff.

H. S. Fessenden, Washington, D. C., with whom was Asst. Atty. Gen. Theron Lamar Caudle, for defendant. Andrew D. Sharpe and A. F. Prescott, Washington, D. C., were on the brief.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

WHITAKER, Judge.

Plaintiff sues to recover income taxes assessed against him by reason of the inclusion in his gross income of amounts which, he says, were gratuities, and, therefore, not to be included.

If they were gratuities, they are not to be included because section 22 of Title 26, Internal Revenue Code, 26 U.S.C.A. § 22, says that "gifts" are not to be included in gross income.

The report of Commissioner Foster, to which no exception is taken, shows that the controversial sums were paid plaintiff pursuant to an Act of Congress, 58 Stat. 257, 48 U.S.C.A. § 1373 et seq., which was passed in recognition of the exceptional character of the services rendered by plaintiff, among other United States citizens, in the construction of the Panama Canal. The first two sections of this Act read:

"Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That in recognition of the distinguished services rendered in and about the construction, maintenance, operation, sanitation, and government of the Panama Canal, and the Canal Zone, during the construction period of the Panama Canal, from May 4, 1904, to March 31, 1914, inclusive, by civilian officials and employees, citizens of the United States, the thanks of Congress are hereby extended to all and each of them so engaged or employed, who were not included in the recognition and benefits accorded by the Act of March 4, 1915 (38 Stat. 1190).

"SEC. 2. That in further recognition of the exceptional character of the services described in section 1, each civilian official and each civilian employee entitled to receive the thanks of Congress agreeably to the provisions of section 1, who has not been heretofore specially rewarded by gratuity, annuity, or other benefit under any provision of law; and who was engaged with, or employed by, the Isthmian Canal Commission or the Panama Railroad Company on the Isthmus of Panama during the aforesaid construction period of the Panama Canal, for three years or more; and who, during such service, was a citizen of the United States; and who, on the date whereon this Act becomes effective, shall be living, shall be entitled to receive, and there shall be paid to him by the Government of the United States, for and during the remainder of his life, an annuity, based on the salary, pay, or compensation re-

ceived by, and paid to him, for his aforesaid service, as follows:

"Forty per centum of his average annual basic salary, pay, or compensation if such service was for as much as three years and not more than four years;

"Fifty per centum of his average annual basic salary, pay, or compensation if such service was for more than four years and not exceeding six years; and

"Sixty per centum of his average annual basic salary, pay, or compensation if such service was for more than six years."

This Act was passed on May 29, 1944. The services rendered, in recognition of which the Act was passed, had been rendered thirty years or more before. At the the time it was passed the United States had discharged its obligations to pay to these employees the wages for which they had agreed to work.

If the gratuities had been paid in the year the services were rendered, or shortly thereafter, a different question would probably be presented; but thirty years intervened before the Act of May 29, 1944, was passed. It was not passed in recognition of a legal obligation. All legal obligation had been discharged. It was passed as a "thank-offering" for arduous services rendered. The Act said that "in recognition of the distinguished services rendered * * * the thanks of Congress are hereby extended to all * * *," and that "in further recognition of the exceptional character of the services described" the annuities were awarded.

The amounts appropriated were by way of a bounty, a gift, or a gratuity.

It may also be said that this Act of 1944 was a complement to the Act of March 4, 1915, 38 Stat. 1190. By this latter Act the officers of the Army and Navy and of the Public Health Service were "extended the thanks of Congress * * * because of their services in connection with the construction of the Canal," and for these services they were awarded certain increases in rank and pay. Civilian employees were not included. In the following year an attempt was made to recognize also the services of civilian employees, but it was not until 1944 that this attempt came to fruition.

Both Acts were passed not to fulfill a legal obligation, but as a token of gratitude for services faithfully rendered in an insect-infested, fever-ridden, tropical land. Legally, the Government owed them nothing. What it appropriated for them was a token of "the thanks of Congress" for the services rendered. The amounts payable under this Act were "gifts" from the United States Government and should not be included in plaintiff's income in any year in which they have been received. See the Senate's Report on this bill, being Report No. 330 to accompany S. 683, 78th Congress, 1st Session, 58 Stat. 257.

Plaintiff is entitled to recover. The entry of judgment will be suspended until the filing of a stipulation by the parties, or, in the absence of a stipulation, until the incoming of a report by a commissioner showing the correct amount due computed in accordance with the findings of fact and this opinion, including interest as provided by law. It is so ordered.

JONES, Chief Judge, and HOWELL and LITTLETON, Judges, concur.

MADDEN, Judge.

The court's opinion says that the payments to the plaintiff were exempt from taxation as "gifts", because the Government was under no legal obligation to make the payments. If that were the proper test as to whether a payment is a nontaxable gift, or taxable compensation, many millions of dollars of payments made at about this time of year would be nontaxable to the recipients. In many such cases there is no legal obligation to make any payment at all, and in most of them the amount of the payment is in the discretion of the employer, and if the payment is not large, the employee is merely disappointed, but has no legal claim. As I understand it, these bonuses are, nevertheless, taxed as income. I see no reason why the payments to the plaintiff are not in the same category, for tax purposes.

The plaintiff relies heavily, and practically solely, upon the decision of the Supreme Court in Bogardus v. Commissioner, 302 U. S. 34, 58 S.Ct. 61, 82 L.Ed. 32. In that case, in which four justices dissented, the court said, at page 41 of 302 U.S., at page 65 of 58 S.Ct.: "Neither the Unopco company nor any one else was under any obligation, legal or otherwise, to pay any of the recipients, including petitioner, any salary, compensation, or consideration of any kind. Such is the express stipulation of the parties. And most significant is the further stipulated fact that the disbursements were *not made or intended to be made* for any services rendered or to be rendered or for any consideration given or to be given by any of said employees * * *." (Italics in original.)

In the instant case, the payments were provided by Congress because it thought that the country was under a heavy moral obligation to the civilian employees for their work on the Panama Canal. The sole and single purpose of the statute was to give them additional compensation for services rendered. The Borgardus case, then, does not sustain the plaintiff's contention. The case of Old Colony Trust Company v. Commissioner, 279 U.S. 716, at page 730, 49 S. Ct. 499 at page 504, 73 L.Ed. 918, refutes the plaintiff's contention. The court said: "Nor can it be argued that the payment of the tax in No. 130 was a gift. The payment for services, *even though entirely voluntary,* was nevertheless compensation within the statute." (Italics added.)

The court cited with approval the decision of the Circuit Court of Appeals for the Fourth Circuit in Noel v. Parrott, 15 F.2d 669, where Judge Parker, in a well reasoned opinion considered the question of the taxability of bonuses to employees.

This court, in Schumacher v. United States, 55 F.2d 1007, 74 Ct.Cl. 720, had essentially the same problem as is involved in the instant case. One whose employment had ceased, and who had been paid all that was legally owed him, was awarded a bonus by his former employer. The court held that it was not tax-exempt as a gift.

The provision in Section 7 of the statute providing for the plaintiff's annuity, that the amounts payable thereunder are not assignable or subject to legal process does not show a Congressional intent to make them exempt from income tax. Section 14 of the

Civil Service Retirement Act, 41 Stat. 614, 5 U.S.C.A. § 729, provides for a similar exemption from legal process, yet such annuities are taxable as income. T.D. 3112, 4 Cum.Bull. 76 (1921); IT 2984, XV 1 Cum. Bull. 87 (1936); T.D. 5208, 1943 Cum.Bull. 65. I see no reason why the plaintiff's annuity as a former civil servant should be in a different status from those paid under the Civil Service Retirement Act. Neither statute contains any express provision as to the taxability *vel non* of the annuities created by it.

In the Railroad Retirement Act of 1935, C. 812, 49 Stat. 967, as amended in 1937, 50 Stat. 307, Section 12, 45 U.S.C.A. § 228*l*, provided, as does Section 7 of the Act creating the plaintiff's annuity, that payments to retired railway employees should not be subject to legal process. But in the very same sentence Section 12 provided that the railway employees annuity should not be subject to any tax. The same thing was done in the World War Adjusted Compensation Act, C. 157, 43 Stat. 121, Sec. 308, 38 U.S.C.A. § 618, and the World War Veterans' Act of August 12, 1935, C. 510, 49 Stat. 609, Section 3, 38 U.S.C.A. § 454a. And by Section 22(b)(5) of the Internal Revenue Code Congress has exempted from taxation pensions, annuities and similar allowances received by members of the armed forces for personal injuries or sickness resulting from active service. It is plain, then, that Congress customarily makes express provision for the exemption from taxation of annuities, retirement pay and similar allowances created by it, if it intends that they should be exempt.

The fact that the House and Senate Committee Reports in 1947 described the annuities provided in the Act of 1944 as "gratuities" seems to me not to be significant. They were of course gratuities in the sense that there was no legal obligation to make them. But they were, without question, made as additional compensation for past services.

The fact that the Government was the employer in this case gives it a turn somewhat different from those involving private employers. When the latter pay bonuses, they deduct them from their income as business expenses, compensation paid to employees. If they were, for tax purposes, gifts, they could not, of course, be so deducted. But they are, when reasonable in amount, permitted to be deducted. And it would be unreasonable to permit the employer to deduct them as compensations paid to employees, and at the same time allow them to be tax-free to the employees as gifts. In the instant case the Government, a non-taxpayer, being the employer, there was no occasion for it to classify the payments expressly as gifts or compensation. But that is no reason why the receiver of the payment should be treated more generously, for tax purposes, than he would have been treated had his employer been a taxpayer.

I think the plaintiff should not recover.